**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Jodi S. Howlett, Esq. (Attorney ID # 039272007)
955 State Route 34, Suite 200
Matawan, New Jersey 07747
Tel.: (732) 583-7474
Fax: (732) 566-7687
Email: jhowlett@cgajlaw.com
Attorneys for Defendant, East Brunswick Township Board of Education

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| R.S., by and through his parents, M.S. and N.S. and R.S., and M.S. and N.S., in their own right,<br><br>Plaintiffs,<br>v.<br><br>EAST BRUNSWICK SCHOOL DISTRICT,<br><br>Defendant. | Civil Action No. 3:23-cv-21258-MAS-DEA<br><br><br>**<u>ANSWER AND<br>AFFIRMATIVE DEFENSES</u>** |

Defendant, East Brunswick Township Board of Education (incorrectly plead as East Brunswick School District) (the "District" or "Defendant"), hereby responds to the individual paragraphs of Plaintiffs' Complaint as follows:

## I.      INTRODUCTION

1.      Paragraph 1 contains no factual allegations against Defendant to which a response is necessary.

2.      Denied as stated.  Admitted only that this case involves placement of a child, R.S., who has Down syndrome.

3.      Denied as stated.  It is denied that Defendant took any action without data or experience.  It is further denied that Defendant exhibited any "prejudice against the support-system needed for this child with Down syndrome."  Further answering, Defendant has complied

with all procedural and legal requirements contained in the Federal and State laws at all times relevant hereto.

4.    Judge Crowley's Decision is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

5.    Paragraph 5 consists of Plaintiffs' characterization of the Oberti v. Board of Education of Borough of Clementon School District case, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited case for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

6.    Paragraph 6 contains no factual allegations against Defendant to which a response is necessary. Further answering, Judge Crowley's Decision is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

7.    Paragraph 7 contains no factual allegations against Defendant to which a response is necessary. Further answering, Paragraph 7 consists of Plaintiffs' characterization of the IDEA, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

8.    Paragraph 8 calls for a legal conclusion to which no answer is required.

9.    Paragraph 9 calls for a legal conclusion to which no answer is required.

10.    The first four sentences of Paragraph 10 consist of Plaintiffs' references to legal quotes and cites, to which no response is required. Defendant denies the allegations contained in the remaining sentence of Paragraph 10.

## II.      PARTIES

11.      Paragraph 11 contains no factual allegations against Defendant to which a response is necessary.

12.      Paragraph 12 contains no factual allegations against Defendant to which a response is necessary.

13.      Paragraph 13 contains no factual allegations against Defendant to which a response is necessary.

14.      Denied.   Defendant has complied with all procedural and legal requirements contained in the Federal and State laws at all times relevant hereto.

15.      Paragraph 15 contains no factual allegations against Defendant to which a response is necessary.

16.      Paragraph 16 contains no factual allegations against Defendant to which a response is necessary.

17.      Paragraph 17 contains no factual allegations against Defendant to which a response is necessary.

## III.      JURISDICTION AND VENUE

10.      Paragraph 10 (sic) contains no factual allegations against Defendant to which a response is necessary.

11.      Paragraph 11 contains no factual allegations against Defendant to which a response is necessary.

12.      Paragraph 12 contains no factual allegations against Defendant to which a response is necessary.

13.      Paragraph 13 contains no factual allegations against Defendant to which a response is necessary.

IV.     FACTS

    A.     PROCEDURAL HISTORY

14.     The due process complaint is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

15.     Denied.

16.     The Court's September 16, 2022 Order denying Plaintiff's Request for Emergent Relief is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

    B.     FAILURE TO PROVIDE FAPE

17.     It is admitted that the District has been providing R.S. with special education through an IEP.  It is denied that the District "segregated" R.S.

18.     The IEP is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

19.     Paragraph 19 contains no factual allegations against Defendant to which a response is necessary.

20.     The IEP is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.  The remaining allegations contained in Paragraph 20 contain no factual allegations against Defendant to which a response is necessary.

21.     The IEP is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.  It is admitted that the District did not offer virtual instruction in September 2021.

22.     Paragraph 22 contains no factual allegations against Defendant to which a response is necessary.  Further answering, it is admitted that there were interruptions in the beginning of R.S.' return to school.

23.    The behavioral report is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.  Further answering, it is admitted that R.S. was having behaviors at school including taking off his socks, shoes, flopping on the floor and touching peers, and that the District gave him pretzels supplied by his mother to get him to pay attention and comply.

24.    Paragraph 24 contains no factual allegations against Defendant to which a response is necessary.

25.    The consent is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

26.    The invitation/consent is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

27.    The invitation/consent is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

28.    Paragraph 28 consists of Plaintiffs' characterization of New Jersey regulations, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

29.    Denied.

30.    Paragraph 30 contains no factual allegations against Defendant to which a response is necessary.

31.    Paragraph 31 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the emails and the IEP is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

32.     The email is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

33.     Paragraph 33 contains no factual allegations against Defendant to which a response is necessary.

34.     Denied as stated.  Based on data, the District determined that giving R.S. more time to transition would be a disservice to R.S.

35.     Admitted.  Further answering, the IEP is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

36.     Denied as stated.

37.     Paragraph 37 contains no factual allegations against Defendant to which a response is necessary.

38.     Paragraph 38 contains no factual allegations against Defendant to which a response is necessary.

39.     Paragraph 39 contains no factual allegations against Defendant to which a response is necessary.

40.     Denied as stated.

41.     Paragraph 41 contains no factual allegations against Defendant to which a response is necessary.

42.     Paragraph 42 contains no factual allegations against Defendant to which a response is necessary.

43.     Denied.

44.     Denied.

45.     It is denied that the District does not strive to include all children with disabilities in regular education.  Paragraph 45 contains no factual allegations against Defendant to which a response is necessary.

46.     Denied as stated.

47.     Paragraph 47 contains no factual allegations against Defendant to which a response is necessary.

48.     The email is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

49.     The email is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

50.     The IEP is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

51.     The email is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

52.     The email is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

53.     The email is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

54.     The IEP is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

55.     The IEP is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

### C.    PETITION FOR DUE PROCESS AND REQUEST FOR PENDENCY

56.    The July 19, 2022 Due Process Complaint is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

57.    Paragraph 57 contains no factual allegations against Defendant to which a response is necessary.  Further answering, Paragraph 57 consists of Plaintiffs' characterization of the IDEA, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

58.    Paragraph 58 calls for a legal conclusion to which no answer is required.

59.    Paragraph 59 calls for a legal conclusion to which no answer is required.

60.    Paragraph 60 calls for a legal conclusion to which no answer is required.

61.    Paragraph 61 calls for a legal conclusion to which no answer is required.

62.    Denied.

63.    Denied as stated.

64.    Paragraph 64 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 64 consists of Plaintiffs' characterization of New Jersey's Parental Rights in Special Education Handbook, ("PRISE"), to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the PRISE for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, the PRISE is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

65.    Paragraph 65 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 65 consists of Plaintiffs' characterization of a corrective action notice regarding the PRISE, to which no response is required.  To the extent that a response is

deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied. Further answering, the corrective action notice regarding the PRISE is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

66.    Paragraph 66 contains no factual allegations against Defendant to which a response is necessary. Paragraph 66 consists of Plaintiffs' characterization of a corrective action notice regarding the PRISE, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied. Further answering, the corrective action notice regarding the PRISE is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

67.    Paragraph 67 contains no factual allegations against Defendant to which a response is necessary. Paragraph 67 consists of Plaintiffs' characterization of a corrective action notice regarding the PRISE, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied. Further answering, the corrective action notice regarding the PRISE is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

68.    Paragraph 68 contains no factual allegations against Defendant to which a response is necessary. Paragraph 68 consists of Plaintiffs' characterization of a USDOE-issued memorandum, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited USDOE-issued memorandum for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

Further answering, the USDOE-issued memorandum is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

69.     Paragraph 69 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

70.     Paragraph 70 contains no factual allegations against Defendant to which a response is necessary.  Further answering, Parent's August 31, 2022 request to OAL is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

71.     Paragraph 71 contains no factual allegations against Defendant to which a response is necessary.   Further answering, Administrative Law Judge Dean Buono's September 16, 2022 Order is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

72.     Paragraph 72 calls for a legal conclusion to which no answer is required.

73.     Paragraph 73 calls for a legal conclusion to which no answer is required.

74.     Paragraph 74 calls for a legal conclusion to which no answer is required.

75.     Paragraph 75 calls for a legal conclusion to which no answer is required.

76.     Paragraph 76 contains no factual allegations against Defendant to which a response is necessary.  Further answering, Paragraph 76 calls for a legal conclusion to which no answer is required.

**D.     The DUE PROCESS HEARING**

77.     Paragraph 77 contains no factual allegations against Defendant to which a response is necessary.   Further answering, the reports of Dr. Chelsea Tracy-Bronson and

Dr. Kathleen Whitbread are writings which speaks for themselves, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

78.    Paragraph 78 contains no factual allegations against Defendant to which a response is necessary.

79.    Paragraph 79 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the transcript of the Due Process Hearing is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

80.    Paragraph 80 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the transcript of the Due Process Hearing is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

81.    Paragraph 81 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the transcript of the Due Process Hearing is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

82.    Paragraph 82 contains no factual allegations against Defendant to which a response is necessary.

83.    Paragraph 83 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the transcript of the Due Process Hearing is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

84.     Paragraph 84 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the transcript of the Due Process Hearing is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.  Finally, the transcript of the report of Dr. Chelsea Tracy- Bronson is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

85.     Paragraph 85 contains no factual allegations against Defendant to which a response is necessary.

86.     Paragraph 86 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the ALJ's Decision is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

87.     Paragraph 87 calls for a legal conclusion to which no answer is required.

88.     Paragraph 88 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the ALJ's Decision is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

89.     Paragraph 89 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 89 calls for a legal conclusion to which no answer is required.  Further answering, the ALJ's Decision is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

90.     Paragraph 90 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 90 calls for a legal conclusion to which no answer is required.  Further answering, the ALJ's Decision is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

91.     Paragraph 91 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 91 calls for a legal conclusion to which no answer is required.  Further answering, the ALJ's Decision is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

92.     Paragraph 92 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 92 calls for a legal conclusion to which no answer is required.  Further answering, the ALJ's Decision is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

93.     Paragraph 93 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 93 calls for a legal conclusion to which no answer is required.  Further answering, the ALJ's Decision is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

**V.      CLAIMS**

**COUNT I**
**IDEA**
**U.S.C.A. §1400, et seq.**

94.     Defendant repeats and reiterates its answers to Paragraphs 1 through 93 above as it fully set forth herein.

95.     Paragraph 95 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 95 calls for a legal conclusion to which no answer is required.

96.     Denied as stated.  Further answering, Paragraph 96 calls for a legal conclusion to which no answer is required.

97.     Denied as stated.  Further answering, Paragraph 97 calls for a legal conclusion to which no answer is required.

98.     Denied as stated.  Paragraph 98 calls for a legal conclusion to which no answer is required.

99.     Denied as stated.  Further answering, Paragraph 99 calls for a legal conclusion to which no answer is required.

100.    Denied as stated.  Further answering, Paragraph 100 calls for a legal conclusion to which no answer is required.  Also, the ALJ's Decision is a writing which speaks for itself, and any characterization thereof is denied; and; thus, Plaintiffs are left to their proofs.

101.    Paragraph 101 calls for a legal conclusion to which no answer is required. Paragraph 101 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 101 consists of Plaintiffs' characterization of regulations and case law, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the cited regulations and case law for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, the cited regulations and case law are writings which speaks for themselves, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

102.    Paragraph 102 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 102 consists of Plaintiffs' characterization of the IDEA, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the IDEA for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, the IDEA is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs. Paragraph 102 calls for a legal conclusion to which no answer is required.

103.    Denied.

104.    Paragraph 104 calls for a legal conclusion to which no answer is required. Paragraph 104 consists of Plaintiffs' characterization of the IDEA, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the IDEA for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, the IDEA is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

105.    Paragraph 105 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 105 calls for a legal conclusion to which no answer is required. Paragraph 105 consists of Plaintiffs' characterization of the case law, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the case law for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, the case law is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

106.    Paragraph 106 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 106 calls for a legal conclusion to which no answer is required. Further answering, the ALJ's decision is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

107.    Denied.  Paragraph 107 calls for a legal conclusion to which no answer is required.  Further answering, the District has complied with all procedural and legal requirements contained in the Federal and State laws at all times relevant hereto.

**COUNT II**
**SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794**

108.    Defendant repeats and reiterates its answers to Paragraphs 1 through 107 above as it fully set forth herein.

109.    Paragraph 109 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 109 consists of Plaintiffs' characterization of the case law, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the case law for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, the case law is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

110.    Paragraph 110 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 110 calls for a legal conclusion to which no answer is required.

111.    Paragraph 111 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 111 consists of Plaintiffs' characterization of Section 504, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Section 504 for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Section 504 is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

112.    Paragraph 112 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 112 consists of Plaintiffs' characterization of Section 504, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Section 504 for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Section 504 is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

113.    Paragraph 113 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 113 consists of Plaintiffs' characterization of Section 504, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Section 504 for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Section 504 is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

114.    Paragraph 114 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 114 consists of Plaintiffs' characterization of Section 504, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Section 504 for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Section 504 is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

115.    Paragraph 115 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 115 calls for a legal conclusion to which no answer is required.  Paragraph 115 consists of Plaintiffs' characterization of Section 504, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Section 504 for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Section 504 is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

116.    Denied.  Further answering, Paragraph 116 calls for a legal conclusion to which no answer is required.

117.    Denied.  Further answering, Paragraph 117 calls for a legal conclusion to which no answer is required.

## COUNT III
## TITLE II OF THE ADA, 42 U.S.C. § 12132

118.    Defendant repeats and reiterates its answers to Paragraphs 1 through 117 above as it fully set forth herein.

119.    Paragraph 119 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 119 consists of Plaintiffs' characterization of Title II of the ADA, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Title II of the ADA for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Title II of the ADA is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

120.    Paragraph 120 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 120 consists of Plaintiffs' characterization of Title II of the ADA, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Title II of the ADA for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Title II of the ADA is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

121.    Paragraph 121 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 121 consists of Plaintiffs' characterization of 42 U.S. Code § 12101, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to 42 U.S. Code § 12101 for a full and fair statement of its terms,

and otherwise the allegations of this paragraph are denied.  Further answering, 42 U.S. Code § 12101 is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

122.    Paragraph 122 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 122 consists of Plaintiffs' characterization of Title II of the ADA, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Title II of the ADA for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Title II of the ADA is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

123.    Paragraph 123 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 123 consists of Plaintiffs' characterization of Title II of the ADA, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Title II of the ADA for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Title II of the ADA is a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

124.    Paragraph 124 contains no factual allegations against Defendant to which a response is necessary.  Paragraph 124 consists of Plaintiffs' characterization of Title II of the ADA, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to Title II of the ADA for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.  Further answering, Title II of the ADA is

a writing which speaks for itself, and any characterization thereof is denied; thus, Plaintiffs are left to their proofs.

125.    Denied.  Further answering, Paragraph 125 calls for a legal conclusion to which no answer is required.  Further answering, the District has complied with all procedural and legal requirements contained in the Federal and State laws at all times relevant hereto.

126.    Denied.  Further answering, Paragraph 126 calls for a legal conclusion to which no answer is required.  Further answering, the District has complied with all procedural and legal requirements contained in the Federal and State laws at all times relevant hereto.

**COUNT IV**
**NJLAD, N.J.S.A. § 10:1-2**

127.    Defendant repeats and reiterates its answers to Paragraphs 1 through 126 above as it fully set forth herein.

128.    Denied.  Further answering, Paragraph 128 calls for a legal conclusion to which no answer is required.  Further answering, the District has complied with all procedural and legal requirements contained in the Federal and State laws at all times relevant hereto.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted as against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

The District has, at all times relevant, provided an appropriate IEP for R.S., which proposed a FAPE in the LRE and were reasonably calculated to allow R.S. the opportunity to

make meaningful progress towards his individualized goals and objectives in light of his unique circumstances.

### THIRD AFFIRMATIVE DEFENSE

The IEP Team proposed an appropriate, reasonably calculated IEP for R.S. based on the data and information available. The proposed IEP provided a FAPE in the LRE and was reasonably calculated to allow R.S. the opportunity to make meaningful progress towards his individualized goals and objectives.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are seeking to continue to unilaterally dictate R.S.'s program and placement. Decisions regarding a student's educational program, placement, and services are made by the IEP team, of which a parent is one member. The IEP team, consisting of District professionals and the parents, is not obligated to accede to a parent request for a particular program or placement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have demonstrated bad faith, failure to collaborate with the District, and unreasonable demands and actions. Plaintiffs are not only undermining the collaborative working relationship between parents and the District as envisioned by the IDEA but have acted in bad faith, and in such an unreasonable manner that as a matter of fact and law this case warrants a determination that no relief is available.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have provided insufficient supporting evidence for the positions asserted within the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

It is the unanimous opinion of the District CST and other professionals working with R.S. and relying on the supporting data including recent District CST evaluations that the current IEP is appropriate and reasonably calculated. Plaintiffs have not demonstrated or provided any supporting reports or evidence that R.S. must be returned to regular education, with the behavior plan, AAC device, and professional development training for the staff to appropriately learn how to include R.S. and this be his stay-put placement.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in accordance with applicable legal requirements, including, but not limited to, compliance with the Individuals with Disabilities Education Act, 20. U.S.C.A. §1400 et seq., N.J.S.A. 18A:46-1 et seq., and the corresponding Federal and State regulations as set forth at 34 CFR §1.1 et seq. and N.J.A.C. 6A:14-1.1 et seq., respectively.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed because Defendant and its agents at all times relevant acted in a manner which was proper, reasonable, and in the exercise of good faith, without malice, and had reasonable grounds for believing their actions complied with all applicable laws, regulations, and Board policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part based on doctrines of waiver, estoppel, acquiescence, laches, changed circumstances, frustration of purpose, mootness, Plaintiffs' own misrepresentations and/or unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Any relief to which Plaintiffs might otherwise be entitled is subject to limitations as contained in 20 U.S.C.A. §1415 and N.J.A.C. 6A:14-2.10. 13

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are seeking relief for which this Court lacks jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Recovery is barred, in whole or in part, because Plaintiffs failed to exhaust administrative remedies and/or improper venue.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery, in whole or in part, by operation of the law of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery, in whole or in part, because Plaintiffs failed to demonstrate Defendant or its agents were motivated by a discriminatory purpose.

## SIXTEENTH AFFIRMATIVE DEFENSE

Recovery is barred, in whole or in part, because the Complaint and its underlying theories of recovery are frivolous.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The proximate and actual cause of the Plaintiffs' instant Complaint is the result of the Plaintiffs' failures to cooperate with the District in the manner required by law, as well as Plaintiffs' own demands regarding R.S.'s placement and programing.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, because the Defendant invokes the defenses, protections, and limitations of the IDEA, Section 504, and all other relevant Federal and State statutes, and because Defendant otherwise complied with the

applicable requirements of the IDEA, Section 504, and all other relevant Federal and State statutes.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, because Plaintiffs have not sustained any injury or damage by reason of any act or omission of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to interpose such other additional appropriate defenses as further investigation may disclose at a later time.

**WHEREFORE**, Defendant requests that an Order be entered dismissing the Plaintiffs' Complaint in its entirety, without relief and with prejudice, together with such other and further relief for the Defendant, including, but not limited to, legal fees based on the filing of a meritless, frivolous, due process petition, as is deemed appropriate under the circumstances.

## RESERVATION OF RIGHTS

Defendant reserves the right, at or before the hearing, to move to dismiss Plaintiffs' Complaint, in part or in whole, for failure to state a claim and/or summary decision, or for any other motion provided for by the Court Rules and the New Jersey Rules of Evidence.

## DESIGNATION OF TRIAL ATTORNEY

Jodi S. Howlett, Esq. is hereby designated as trial counsel for Defendants in the within matter.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**

Attorneys for Defendant

By:    s/ Jodi S. Howlett
       Jodi S. Howlett, Esq.

Dated: December 7, 2023

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

I, Jodi S. Howlett, Esq., counsel for Defendant, in accordance with Loc. Civ. <u>R</u>. 11.2, do

hereby certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court or in

any arbitration or administrative proceeding.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**

Attorneys for Defendant

By:    <u>s/ Jodi S. Howlett</u>
        Jodi S. Howlett, Esq. (Attorney ID # 039272007)
        955 State Route 34, Suite 200
        Matawan, New Jersey 07747
        Tel.: (732) 583-7474
        Fax: (732) 290-0753
        Email: jhowlett@cgajlaw.com
        Counsel for Defendant East Brunswick Township
        Board of Education

Dated: December 7, 2023